IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHELBY B. CONLEY, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No.: 1:13-cv-0118 <br> CHIEF JUDGE HAYNES |

## AMENDED CASE MANAGEMENT ORDER NO. 1

**I.   Jurisdiction and Venue:**

This case was removed from the Circuit Court of Marshall County, Tennessee, pursuant to 28 U.S.C. §1442(a)(1).

**Defendant's Statement of Jurisdiction:** Plaintiff seeks recovery in this action under the Federal Tort Claims Action ("FTCA"). This Court lacks jurisdiction over Plaintiff's Complaint. The Complaint was prematurely filed, before Plaintiff fully exhausted her administrative remedies. Plaintiff subsequently pursued her FTCA claim, and denial of her administrative claim was reluctantly issued by the United States Postal Service, after Plaintiff made it clear she would no longer engage in negotiations on her claim. However, Plaintiff's subsequent exhaustion of her administrative remedies does not act retroactively to grant the Court jurisdiction that it did not have in the first place. *McNeil v. United States,* 508 U.S. 106, 113 (1993)(affirming dismissal of a prematurely filed FTCA complaint even though the administrative denial occurred shortly after the complaint was filed and before substantial progress had occurred in the litigation); see also, *Turner ex rel. Turner v. United States,* 514 F.3d 1194, 1200 (11th Cir. 2008).

1

II. **Parties' Theories of the Case:**

1. **Plaintiff's Theory of the Case:** Plaintiff was driving her vehicle in Marshall County, Tennessee on October 9, 2012. Defendant, Devonna L. Webb, was going in the opposite direction delivering mail. Defendant came across Plaintiff's lane and onto the shoulder causing a collision. Plaintiff was injured. Defendant was negligent which was the proximate cause and cause in fact of those injuries. She has incurred medical bills, lost wages, permanent injury and property damage.

2. **Defendant's Theory of the Case:** Defendant agrees that on October 9, 2012, a motor vehicle accident involving vehicles operated by Plaintiff and Postal Service employee Devonna Webb, acting in the course of her federal employment, occurred on a narrow, unlined curvy country road. Defendant alleges that Plaintiff's comparative fault remains a question in terms of whether Plaintiff took all reasonable, evasive measures to avoid the accident. Defendant disputes Plaintiff's claim of substantial injuries as a result of the accident and her right to seek recovery for all medical expenses claimed, including costs for unrelated items, such as normal, routine labor and delivery charges not incurred as a result of this motor vehicle accident.

III. **Schedule of Pretrial Proceedings**

A. **Rule 26(a)(1) Disclosure**

The parties shall make the Rule 26(a)(1)(A) through (E) disclosures within (30) days from the date of the initial case management conference.

B. <u>Meeting of Counsel and Parties to Discuss Settlement Prospects</u> [handwritten initials]

Ninety (90) days from the date of the ~~initial~~ *amended* case management ~~conference~~ *order* [handwritten initials], counsel and clients are required to have a face-to-face meeting to discuss whether this case can be

resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who had the authority to settle shall attend this meeting on behalf of the party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

C. <u>Other Pretrial Discovery Matters</u>

A pretrial conference shall be held _Monday, August 24, 2015_, at _3:00 p.m._. A proposed pretrial order shall be submitted at the pretrial conference. _Meet to set for September 8, 2015 at 9:00 a.m., in cumbered_ All discovery shall be completed by the close of business on _March 13_, _2015_. All written discovery shall be submitted in sufficient time so that the response shall be in hand by _March 13_, _2015_ All discovery related statements shall be filed by the close of business on _March 27_, _2015_ No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys or record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] and Daubert motions shall be filed by the close of business on _April 27, 2015_, and any response thereto shall be filed by the close of business

---

[1] No Memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.

on _May 22, 2015_. Any reply shall be filed by the close of business on _June 5, 2015_.[2]

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

The response time for all written discovery and requests for admissions is reduced from thirty (30) to twenty (20) days.

---

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 9(a), Local Rules of Court (effective March 1, 1994) shall govern.

By the close of business on _December 15, 2015_, the plaintiff shall declare to the defendants (<u>not</u> to file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on _February 13, 2015_. There shall not be any rebuttal witnesses.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories

---

2 Strict compliance is required to Rule 8(b)(7), Local Rules of Court (effective March 1, 1994) relating to motions for summary judgment.

and requests for admissions upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

For expert witnesses, the expert's Fed. R. Civ. P. 26(a)(2) report is considered to be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate and Daubert challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of the expert depositions.

Local Rule I 2(c)(6)(c) (effective March 1, 1994) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so **ORDERED.**

ENTERED this the 23rd day of September

_____
CHIEF JUDGE WILLIAM J. HAYNES

**APPROVED FOR ENTRY:**

BUSSART LAW FIRM

_____
WALTER W. BUSSART
520 North Ellington Parkway
Lewisburg, Tennessee 37091
(931) 359-6264
*Attorney for Plaintiffs*


DAVID RIVERA
United States Attorney
Middle District of Tennessee


By:   s/S. Delk Kennedy Jr.
**S. DELK KENNEDY, JR.**
B.P.R. # 009799
Assistant United States Attorney
110 9th Avenue South, Suite A-961
Nashville, Tennessee 37203
Phone: (615) 736-5151
Email: Delk.Kennedy@usdoj.gov
*Attorneys for Defendant*